UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14075-BLOOM

BRANDON WILLIAM HARVEY,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Petitioner Brandon William Harvey filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, ECF No. [1].[1] Petitioner alleges violations of his due process rights arising out of his criminal trial proceedings pending in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Case No. 2018-CF-003208-A. ECF No. [3-1]. Prior to initiating the instant action, Petitioner filed two Petitions for Writ of Habeas Corpus with the Florida Supreme Court, Case No. SC21-94. ECF No. [3-2]. The Court takes judicial notice of the publicly available Florida court dockets and certain documents therein. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). The Clerk is directed to make the attached documents a part of the record.

---

[1] The Clerk opened the instant habeas corpus petition as one brought pursuant to 28 U.S.C. § 2254, but Petitioner does not cite this statute in his petition. ECF No. [1]. As discussed below, the Petition is more appropriately sought pursuant to 28 U.S.C. § 2241.

No order to show cause has been issued because, on the face of the Petition, it is evident the Petitioner is not entitled to relief. *See* Rule 4, Rules Governing Section 2254 Proceedings. The Court has carefully reviewed the Petition, ECF No. [1], the dockets in the state court proceedings, ECF Nos. [3-1], [3-2], the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed.

## I.     BACKGROUND

Petitioner contends repeatedly that he is innocent of the criminal charges he is facing in the St. Lucie County trial proceedings. Petitioner states that Judge Robert E. Belanger violated his constitutional rights by refusing to let Petitioner represent himself, and ordering Petitioner to have a second psychiatric evaluation. ECF No. [1] at 1. According to Petitioner, his previous psychiatric evaluation "prove[s] I am able to represent myself." *Id.* Petitioner makes several other vague allegations that "the entire discovery violates due process of law." *Id.* at 1-2 ("The DNA that was sent out to a lab proves I am innocent. The depositions and fingerprints proves I am innocent. . . . The police clearly perjured [sic] themselves many times. The evidence on the evidence sheets do not exist."). Petitioner also states that he was abused by police, and "tazed" while in handcuffs. *Id.* at 2. A review of the trial court docket reveals that the criminal case against Petitioner is ongoing. ECF No. [3-1].

Petitioner has also listed Florida Supreme Court Case No. SC21-94 on the header of his Petition. *See* ECF No. [1] at 1. A review of the Supreme Court docket reveals that Petitioner filed Writs of Habeas Corpus on January 22, 2021 and on February 5, 2021. ECF No. [3-2]. The Florida Supreme Court has not yet ruled on Petitioner's state habeas corpus petitions, and the case is listed as "active." *Id.*

## II.     LEGAL STANDARD

Petitions for habeas corpus relief brought by a pre-trial detainee are governed by 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004); *see also Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

Even if a federal court may exercise jurisdiction to consider a state court's pretrial detention order, principles of equity, comity, and federalism counsel abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (concluding that *Younger* abstention requires a dismissal without prejudice). "Younger abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Consequently, *Younger* requires that federal courts "abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an embryonic stage and no contested matter [has] been decided." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013) (internal quotations omitted) (alterations in original). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263. The exceptions to the *Younger* abstention doctrine are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3)

there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54); *but see Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

### III. DISCUSSION

"Federal courts have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Construing the Petition as a habeas petition pursuant to 28 U.S.C. § 2241, the Petition is dismissed pursuant to the *Younger* abstention doctrine. Here, *Younger* abstention is appropriate because: (1) the state court criminal charges were pending when the Petition was filed; (2) the criminal proceedings involve important state interests; and (3) Petitioner could raise his constitutional challenges regarding his quest to represent himself and his alleged deprivation of due process. *See Turner*, 542 F. App'x at 766. Indeed, on January 22, 2021, Petitioner filed a writ of habeas corpus with the Florida Supreme Court, which was supplemented on February 5, 2021. ECF No. [3-2]. Both petitions are pending.

There is no dispute that Petitioner's criminal prosecution is also pending in St. Lucie County. *See* ECF No. [3-1]. Petitioner does not allege, and the record does not reflect, that one of the *Younger* exceptions applies. Petitioner has not alleged any bad faith on the part of the Government nor has he alleged any irreparable injury. Furthermore, Petitioner has an adequate opportunity to raise any constitutional arguments in the state forum. Petitioner's allegations are not "substantial" to warrant relief. *See Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009)

(quoting *Younger*, 401 U.S. at 48). The relief Petitioner requests "would create an 'undue interference with state proceedings.'" *See Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989)).

### IV.     Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying a petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, the Court finds that a COA is not warranted.

### V.     CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Petitioner Brandon William Harvey's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to make the attached documents a part of the record:

   a. online state docket for St. Lucie Circuit Court Case No. 2018-CF-003208-

      A, ECF No. [3-1]; and

      b.    online state docket for Florida Supreme Court Case No. SC21-94, ECF No. [3-2].

3.    The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Carlton D. Comfort, *Pro Se*
#149855
Century Correctional Institution
Inmate Mail/Parcels
400 Tedder Road
Century, FL 32535